UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:11-CV-00717-NAB |
| JAMES COOL et al, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION FOR LEAVE
TO SELL OR TRANSFER EVIDENCE**

Presently before the Court is a motion for leave to sell or transfer evidence relevant to this case filed by Defendant KeyCorp, doing business as Key Bank ("KeyCorp"). [Doc. 26]. Markel American Insurance Company ("Plaintiff") has no objection to the motion and Defendants James and Joann Cool ("the Cools") did not file a response to the motion.[1] Having fully considered the arguments set forth by Defendant, the Court denies the motion.

**Facts**

Plaintiff brought this action seeking a declaratory judgment regarding the parties' rights under an insurance policy issued by Plaintiff to the Cools for a forty-seven foot yacht which was owned by the Cools. Defendant KeyCorp, who provided a loan to the Cools for purchase of the yacht, was listed as a "loss payee" on the insurance contract between the Cools and Plaintiff. The yacht sank in January of 2011 while docked at the Yacht Club of St. Louis Marina. The

---

[1] Plaintiff named three defendants in this action. The defendants are KeyCorp, James Cool, and Joann Cool.

1

Cools filed a claim with Plaintiff for the policy limit of $250,000, which Plaintiff denied after conducting an investigation. Plaintiff filed this declaratory action on April 21, 2011.

According to KeyCorp, the Cools, as of May 1, 2011, stopped making payments on the loan issued to them by KeyCorp. KeyCorp repossessed the yacht on August 8, 2011 and marketed it for sale. On October 6, 2011, KeyCorp received an offer from an unidentified party to purchase the yacht. On October, 12, 2011, KeyCorp filed the present motion which seeks an order from the Court holding that KeyCorp may not be held liable or sanctioned for spoliation of evidence relating to the sale or transfer of the yacht. It is undisputed that the Cools' expert has not inspected or examined the yacht.

## Discussion

As noted above, this action was filed on April 21, 2011. KeyCorp repossessed the yacht nearly four months after the litigation commenced, on August 8, 2001, and proceeded to market the yacht for sale, knowing that the yacht was involved in ongoing litigation. On July 22, 2011, the Court held a Rule 16 conference in which all parties, including KeyCorp, were represented. All parties present at the Rule 16 conference participated in setting the dates in the case management order, which the Court entered on the same day. Pursuant to the Case Management Order, the Cools were given until January 1, 2012 to disclose any expert witnesses and to provide any expert reports required by Rule 26(a)(2). Therefore, the Cools would have until January 1, 2012 to conduct inspections of the yacht for the expert(s) report. KeyCorp was aware of this time frame before it elected to market the yacht for sale. Furthermore, KeyCorp knew at the time that they participated in setting the dates for the Case Management Order that the Cools were in default on their loan repayment obligations. KeyCorp therefore knew that there existed a possibility that they would repossess the yacht and attempt to sell it. Had KeyCorp notified the

Court of this possibility at the Rule 16 conference, perhaps the Court could have considered setting different dates regarding the inspection of the yacht.

KeyCorp relies on *Sterbenz v. Attina*, in asserting that they have only an obligation to act reasonably under the circumstances to preserve relevant evidence. 205 F.Supp.2d 65, 72-73 (S.D.N.Y. 2002). The Court agrees; however, at this late date, the Court is of the opinion that the fourteen day offer that KeyCorp extended to the Cools to have the yacht inspected was not a reasonable time frame to arrange and complete such an inspection. The Court also notes the *Sterbenz* was not decided under circumstances similar to those presented here. Specifically, *Sterbenz* did not address a situation where the court had issued a Case Management Order that set forth specific dates for the parties to complete such inspections and issue expert reports.

While the Court appreciates KeyCorp's proactive approach to this issue, the Court cannot grant KeyCorp the immunity it seeks. The Case Management Order allows the Cools a specific time frame within which to have such inspections and expert reports completed. To modify that time frame to the fourteen day window proposed by KeyCorp would simply not be fair to the Cools, who, before KeyCorp offered the expedited inspection schedule to them, were operating under the dates set by the Court in the Case Management Order. KeyCorp was aware that the yacht was the subject of ongoing litigation when it repossessed it, and elected to market the yacht for sale before the litigation was resolved or before the necessity for access to the yacht in its current condition no longer existed. Therefore, the Court denies KeyCorp's motion.

## Conclusion

Based on the above analysis, the Court finds that KeyCorp's motion for leave to sell or transfer evidence should be **DENIED**.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for leave to sell or transfer yacht filed by Defendant KeyCorp, doing business as Key Bank, is **DENIED**. [Doc. 26].

Dated this 3rd day of November, 2011.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE